11-0751-cr
USA v. Magner

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            GERARD E. LYNCH,
                    *Circuit Judges,*
            LEWIS A. KAPLAN,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                          No. 11-0751-cr

JOSEPH P. MAGNER, AKA REPTILIANAGENDA@MSN.COM, AKA "FAMLAW@OPTONLINE.NET",

                    *Defendant-Appellant*.

---

For Defendant-Appellant:          EDWARD S. ZAS, Appeals Bureau, Federal Defenders of New York, Inc., New York, N.Y.

For Appellee:                     ALLEN L. BODE (David C. James, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 23, 2011 judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part for further proceedings consistent with this order.

Defendant-Appellant Joseph P. Magner ("Magner") appeals from a February 23, 2011 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*), following Magner's guilty plea to knowingly receiving, via his computer, a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). The district court imposed a sentence of 108 months of imprisonment, the mandatory minimum term of five years of supervised released, and the mandatory $100 special assessment. Additionally, the district court adopted a special condition of supervised release that prohibits Magner from using an electronic device "to access pornography of any kind. This includes, but is not limited to, accessing pornographic websites, including websites depicting images of nude adults or minors." App. 153. On appeal, Magner principally contends that: (1) his sentence is procedurally unreasonable because the district court, in violation of *Tapia v. United States*, 131 S. Ct. 2382 (2011), considered his need for rehabilitation as a basis for determining his term of imprisonment; (2) his sentence is substantively unreasonable; and (3) the special condition of supervised release is "impermissibly vague, overly broad, and unjustified by this record." Pl. Br. 20-21. We assume the parties' familiarity with the underlying facts and procedural history of this case.

2

Generally, this Court reviews sentences for reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This standard applies "both to 'the sentence itself' and to 'the procedures employed in arriving at the sentence.'" *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006)). The procedural inquiry focuses on whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Dorvee*, 616 F.3d 174, 179 (2d. Cir. 2010) (internal quotation marks omitted). When conducting a substantive review, we consider the totality of the circumstances, and give due deference to the sentencing judge's discretion. *See Cavera*, 550 F.3d at 190. In both its procedural and substantive aspects, reasonableness review employs a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).

Magner concedes that because he failed to raise his objections in the district court, the district court's rulings should be reviewed under the plain error standard set forth in Federal Rule of Criminal Procedure 52(b). Plain error is (1) error, that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 631-32 (2002). The "third and final limitation on appellate authority under Rule 52(b)" – whether a plain error affects substantial rights – generally requires "that the error . . . [was] prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).

3

We first consider Magner's claim that the district court erred by seeking to promote his rehabilitation through the imposition of a lengthy prison term. In *Tapia*, the Supreme Court interpreted 18 U.S.C. § 3582(a) and held that a sentence is procedurally unreasonable when a prison term is lengthened to allow the defendant to qualify for a particular drug treatment program. 131 S. Ct. at 2385. While the Court noted that "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment programs" it may not "select[] the length of the sentence to ensure that [the defendant] c[an] complete" a particular rehabilitation program. *Id.* at 2392. Further, the Court held that the sentencing court's statements in *Tapia* "suggest[ed] that the [district] court may have calculated the length of Tapia's sentence to ensure that she received certain rehabilitative services. And that a sentencing court may not do." *Id.*

Magner's *Tapia* argument must be rejected because none of the district court's statements indicate that Judge Bianco impermissibly considered his need for rehabilitation as a basis for selecting his term of imprisonment. Reading the district judge's comments in their entirety and in the context of defendant's argument that the sentence should focus on rehabilitation rather than punishment, it is clear that the judge was emphasizing that in order to protect the public and incapacitate Magner from repeating his offense, whatever rehabilitation Magner might be provided would have to occur in a secure environment, and that Magner would present a danger for many years. For instance, the district court did not err in observing that "a long period of incarceration is necessary to ensure" that Magner "will not be a danger to the public, specifically to children, until he had a long and substantial rehabilitation process." App. 133. It is undisputed that district courts should consider public safety and the need for incapacitation when

4

determining sentences and, in making this statement, Judge Bianco was referring to the fact that Magner must be incapacitated to protect the public, not his need for rehabilitation *per se*. For the same reason, we find no error in the district court's rejection of the Probation Department's recommendation of a sixty-month sentence based on "all the factors," including the "amount of time Mr. Magner needs to be in jail in order to protect society, to get him the rehabilitation he needs. . . . I need to ensure there is sufficient time for him to get it and to protect society." App. 137.

We next turn to Magner's claim that his sentence is substantively unreasonable. This argument is also unavailing. The district court recognized and considered the various factors on which a sentence should be based. Not only did Judge Bianco state that he had taken into account the § 3553(a) factors, his authority to depart from the Guidelines, and the need to avoid unwarranted sentencing disparities, he further identified the various factors he had balanced, including, *inter alia*: (1) the extremely serious nature of Magner's offense; (2) the lack of evidence indicating that Magner ever physically abused a child; (3) the harm child pornography causes to its victims; (4) Magner's professed desire for rehabilitation; and, (5) his high risk of recidivism. Accordingly, we conclude that the district court's determination "'can[] be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

On appeal, Magner primarily contends that his sentence is substantively unreasonable because it contravenes this Court's holding in *Dorvee*. Magner's case, however, is distinguishable from *Dorvee* in numerous respects. Most importantly, unlike the district court in *Dorvee*, Judge Bianco expressly acknowledged his obligation to "carefully apply the[] [child

5

pornography] guidelines" to avoid "generat[ing] unreasonable results in terms of double counting, enhancements and various other situations if the guidelines are just applied mechanically." App. 117. Additionally, Judge Bianco specifically addressed the policy implications of the relevant Guidelines enhancements and concluded that, with respect to Magner in particular, these adjustments made sense. Indeed, the district court found that, regardless of the Guidelines recommendation, he would have imposed a 108-month sentence.

Finally, we consider Magner's objection to the special condition of supervised release. Given the latitude district courts have in imposing supervised release conditions, this Court reviews "the conditions themselves [under] an abuse of discretion standard, where any error of law constitutes an abuse of discretion." *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010) (internal quotation marks omitted). Due process requires that release conditions be "sufficiently clear to give [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003) (internal quotation marks omitted). Additionally, release conditions must be "reasonably related" to certain prescribed sentencing factors and "'involve no greater deprivation of liberty than is reasonably necessary for the purposes of sentencing.'" *Id.* at 80 (internal quotation marks and brackets omitted); *see also* 18 U.S.C. § 3583(d).

Magner argues that the condition of supervised release prohibiting him from accessing pornography (1) is inherently vague; (2) should be limited to child pornography; and, (3) is overbroad insofar as it specifically defines pornography to include any "website depicting images of nude adults or minors." The first two of these arguments are not persuasive. Our cases hold that in the context of child pornography convictions, the term "pornography" in a

6

condition of supervised release should be interpreted in light of the definition of pornography in 18 U.S.C. § 2256, which is sufficiently clear to defeat the vagueness argument, *see United States v. Cabot*, 325 F.3d 384, 385 (2d Cir. 2003); *United States v. Simmons*, 343 F.3d 72, 81-82 (2d Cir. 2003), and that restricting access to adult pornography as so defined is permissible in such cases, *id.* At 82.

Magner's third argument, however, as the government effectively conceded at oral argument, is valid. To define "pornography" as including any website with images of nude adults or children revives the vagueness problem by extending the prohibition to materials that are not by any normal definition obscene, pornographic, or even erotic, such as art museum websites containing works of art (including, for example, religious images). Because we cannot find that such a broad definition is reasonably related to any of the proper objectives of sentencing, we vacate the special condition and remand to the district court to reconsider its formulation. In this connection, we note that the government has indicated that the Probation Department in the Eastern District has developed replacement language that specifically references the definition of pornography in section 2256, and that does not contain the prohibition on nude images to which Magner objects.

We have considered Magner's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, we **VACATE** and **REMAND** with respect to the challenged condition of supervised release and otherwise **AFFIRM**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7