10-4567-cr
United States v. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of March, two thousand twelve.

PRESENT:   AMALYA L. KEARSE
                    JOHN M. WALKER, JR.
                    GERARD E. LYNCH,
                              *Circuit Judges.*
------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                                            No. 10-4567-cr

GREGORY WILLIAMS,
                              *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:          MICHAEL R. HASSE, New London, Connecticut.

FOR APPELLEE:           DEBORAH R. SLATER (Robert M. Spector, *on the brief*), Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

In 1998, defendant-appellant Gregory Williams pled guilty to two counts of aggravated bank robbery in the United States District Court for the District of Connecticut (Dominic J. Squatrito, *J.*) and was sentenced to 151 months in prison and three years' supervised release. After leaving prison, he admitted violating the terms of his supervised release by, inter alia, possessing and using narcotics, and was sentenced (Robert N. Chatigny, *J.*) to ninety days in prison and the resumption of his supervised release. After fulfilling the second sentence, he again admitted violating the terms of supervised release by committing third-degree robbery, to which he entered an Alford plea of guilty in state court, and was returned to the district court (Vanessa L. Bryant, *J.*) for a proceeding to determine the consequences of this violation. The district court sentenced Williams to twenty-one months in prison, with no further federal supervised release. Williams now challenges the procedural and substantive reasonableness of his sentence, and argues – for the first time on appeal – that he did not receive due process during the revocation proceedings before the district court. Finding no merit to Williams's arguments, we affirm the judgment of the district court.[1]

_____

[1]After the case had been fully briefed on the merits, the government moved to dismiss the appeal as moot, because Williams's sentence has now been fully served. As the government correctly notes, our usual presumption that a challenge to a criminal conviction is not mooted by completion of the sentence imposed does not apply to violations of probation, parole, or supervised release. See Spencer v. Kemna, 523 U.S. 1, 14 (1998); United States v. Probber, 170 F.3d 345, 348 (2d Cir. 1999). Rather, "an individual challenging the revocation of his parole – and whose term of re-incarceration has expired – bears the burden of demonstrating that some concrete and continuing injury continues to flow from the fact of the revocation." Id. Here, Williams remains detained

Our review of district court sentencing decisions encompasses review of allegations of both procedural and substantive errors. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). A district court "commits procedural error where it . . . makes a mistake in its Guidelines calculation, . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." Id. at 190 (internal citations omitted); see also Gall v. United States, 552 U.S. 38, 51 (2007). We review substantive challenges to a sentence under a "deferential abuse-of-discretion standard." Cavera, 550 F.3d at 189 (internal quotation marks omitted).

Williams challenges his sentence on three interrelated bases: (1) that the district court failed to weigh mitigating factors pursuant to 18 U.S.C. § 3553(a); (2) that the sentence of incarceration was improperly based on the rehabilitative effects that a prison term would have on Williams; and (3) that the sentence, although at the low end of the advisory guidelines range of twenty-one to twenty-four months, was substantively unreasonable.

All of these arguments are unavailing. First, although 18 U.S.C. § 3553(a) instructs a sentencing judge to consider a number of factors, that obligation does not require the judge to make explicit reference to each factor considered. See United States

pending adjudication of additional charges, which were filed while Williams was still serving his 21-month sentence for violation of supervised release. Thus, whether Williams will be credited with time served towards any eventual sentence in the pending case will likely depend on whether he was serving a valid sentence on the supervised release violation during the period of overlap between the present detention and the supervised release sentence. Under these circumstances, we conclude that the supervised release sentence, though expired, continues to present sufficient concrete consequences in Williams's ongoing criminal case to satisfy the case-or-controversy requirement. We therefore deny the motion to dismiss and reach the merits of Williams's appeal.

v. Fernandez, 443 F.3d 19, 29 (2d Cir. 2006). In this case, the district court plainly considered § 3553(a) sentencing factors that were applicable to Williams, as it considered for example Williams's personal history, the kinds of sentences available, and the requirement that the sentence be sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. And the court not only considered some of the sentencing arguments that Williams now contends were ignored but appears to have credited them: for example, his difficulties in complying with some of the requirements of supervised release led the district court to conclude that, upon his release from prison, Williams should no longer be subject to federal supervised release.

Second, Williams argues that the district court improperly considered the rehabilitative effects that a criminal sentence might have on him, in violation of 18 U.S.C. § 3582(a). See Tapia v. United States, 131 S. Ct. 2382 (2011). Assuming without deciding that the rule of Tapia applies to sentences for violations of supervised release – but see United States v. Anderson, 15 F.3d 278, 282 (2d Cir. 1994) (holding, over dissent and before Tapia, that rehabilitation needs may be taken into account in connection with supervised release sentences) – the district court did not violate the prohibition that Williams cites. While the statute does provide that "imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a), the district court's statement that Williams "has benefitted from incarceration" **[A96]** does not violate that prohibition, as a mere reference to the past "benefits" of incarceration for a defendant does not equate to the selection of a term of incarceration for the purposes of rehabilitating that defendant. The cases where sentencing judges have violated the statute

4

contrast sharply with the facts here. In several such cases, for example – some of them cited by Williams – the defendant was given a longer sentence designed to facilitate eligibility for a prison drug treatment program. See Tapia, 131 S. Ct. at 2385; United States v. Manzella, 475 F.3d 152, 161 (3d Cir. 2007); In re Sealed Case, 573 F.3d 844, 851 (D.C. Cir. 2009). Nothing of the sort occurred here. The sentence was manifestly the product of Williams's repeated criminal conduct.

Third, Williams argues that the length of his twenty-one-month sentence – which was at the bottom of the guidelines range – is substantively unreasonable. He is incorrect. Although we do not presume that a sentence at the bottom of a guidelines range is inherently reasonable, Fernandez, 443 F.3d at 27, we also reverse such sentences only if the district court "exceeded the bounds of allowable discretion," United States v. Kane, 452 F.3d 140, 144 (2d Cir. 2006) (internal quotation marks omitted). In light of Williams's criminal history, his repeated violations of the terms of his supervised release, and the complementary reduction of his sentence by the elimination of any further term of federal supervised release, we cannot conclude that this sentence was outside the range of appropriate discretion.

Finally, Williams also argues, for the first time on appeal, that, because the First and Second Amended Reports of Violation of Supervised Release were never docketed, the district court violated his due process rights. Because Williams raises this argument for the first time on appeal, we can reverse only if there is "(1) error, (2) that is plain, . . . (3) that affects substantial rights[, and] (4) [that] seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461,

5

467 (1997) (internal quotation marks and alterations omitted); see also United States v. Lewis, 424 F.3d 239, 243-49 (2d Cir. 2005) (employing plain error analysis for review of a sentence after revocation of supervised release where the defendant failed to object).

Under this standard of review, Williams's argument cannot prevail. The due process requirements for a revocation proceeding have been codified at Fed. R. Crim. P. 32.1(b)(2), and focus, as relevant to this case, on the defendant's right to "written notice of the alleged violation." Id. at (b)(2)(A). Williams does not dispute that he had notice of the First and Second Amended Reports, which his counsel acknowledged having discussed with the defendant during the revocation hearing. **[A-38]** Thus, even assuming arguendo that the failure to docket and file the Amended Reports was error, it is not "plain," did not "affect[] substantial rights," and does not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings," Johnson, 520 U.S. at 467, as Williams received the notice guaranteed by statute.

We have considered all of Williams's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6