11-3647-cr
*United States v. Keenan*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of October, two thousand twelve.

PRESENT:

    PIERRE N. LEVAL,
    JOSÉ A. CABRANES,
    ROBERT A. KATZMANN,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

       -v.-                                                 No. 11-3647-cr

KANE KEENAN,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**          Lee C. Kindlon, Kindlon Shanks & Associates, Albany, NY.

**FOR APPELLEE:**           Paul D. Silver, Assistant United States Attorney (Richard Belliss, Assistant United States Attorney, *on the brief*), Albany, NY, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from an August 31, 2011 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** with instructions for resentencing.

Kane Keenan appeals from an August 31, 2011 judgment of the District Court convicting him, after a guilty plea, on a single count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b), and sentencing him principally to a prison term of thirty months. We assume familiarity with the underlying facts and procedural history of this case.

This appeal arises out of Keenan's plea of guilty to a charge related to the possession of child pornography. The parties did not enter into a plea agreement. At sentencing, the District Court calculated Keenan's sentencing guidelines and determined that, in light of the sentencing factors delineated in 18 U.S.C. § 3553(a) and the skepticism regarding the sentencing guidelines applicable to child pornography expressed by this Court in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), a downward variance from the recommended Guidelines range was appropriate. Explaining that Keenan "deserve[d] a prison term," although not of the length called for by the Federal Sentencing Guidelines, the Court stated, "I will sentence you to sufficient time so that you can get treatment while in prison." The Court thereafter imposed a prison term of thirty months.

The Court proceeded to impose special conditions of supervised release upon the defendant, some orally and others by reference to a document to which Keenan's attorney had had the opportunity to object in writing. The Court's written judgment, entered two days after the sentencing proceeding took place, prohibited Keenan from (1) having any contact, whether direct or indirect, with children under the age of 18; (2) using or possessing a computer with Internet access, unless any such computer could be monitored by the Government; and (3) possessing any sexually explicit materials, whether legal or illegal.

On appeal, Keenan argues that (1) his sentence was procedurally unreasonable because the District Court erroneously (a) based the length of his sentence on his need for rehabilitation and (b) failed to adequately consider his arguments for a lower sentence; (2) the sentence was substantively unreasonable because it gave too much weight to the Guidelines, despite the Court having undertaken a substantial variance from the recommended Guidelines sentencing range; and (3) the special conditions imposed upon his supervised release were overbroad or otherwise improper.

**DISCUSSION**

**A.      The Length of the Sentence**

Keenan argues that the District Court erred in sentencing him to a longer term of imprisonment than it would have otherwise imposed, in order to ensure that Keenan had access to rehabilitative programs while incarcerated. The Government concedes that the District Court seemed to imply that it was considering Keenan's rehabilitative requirements when it determined the length of his sentence. As both parties correctly argue, such a rationale for extending the length of an incarceratory sentence was deemed impermissible by the Supreme Court in *Tapia v. United States*, 131 S. Ct. 2382 (2011).

In *Tapia*, the Supreme Court addressed a sentence in which the district court had extended the sentence it would otherwise have imposed in order to ensure that the defendant was eligible for a particular treatment program. *Id.* at 2385. Observing that "imprisonment is not suitable for the purpose of promoting rehabilitation," the Supreme Court held that sentencing courts should "consider the . . . rationales of punishment except for rehabilitation, which [they] should acknowledge as an unsuitable justification for a prison term." *Id.* at 2388 (emphasis omitted). Accordingly, although sentencing courts are permitted to *discuss* the issue of rehabilitation when crafting a sentence, *id.* at 2391–92, after *Tapia* it is clear that courts may not extend the length of an incarceratory sentence in order to *accommodate* the requirements of rehabilitation. *See id.* at 2391 ("[18 U.S.C. §] 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation.").

We agree with the parties that it appears the District Court may have based its sentencing decision in part upon the consideration of the length of time necessary to provide Keenan with proper rehabilitation. *See* Joint App'x at 76 (Transcript of Sentencing Proceeding, August 29, 2011) ("I will sentence you to sufficient time so that you can get treatment while in prison."). It would have been error for the District Court to base its sentence, even in part, upon the length of time Keenan would need to be incarcerated in order to participate in rehabilitative programming.

On the record before us, we cannot independently determine the degree, if any, to which the length of the sentence was influenced by that impermissible consideration. *Cf. United States v. Yousef*, 327 F.3d 56, 156 (2d Cir. 2003) ("We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (quotations and citations omitted)). We note also that the Government has conceded that the District Court's statements at sentencing may indicate *Tapia* error, and has suggested that a remand is appropriate. We therefore remand the cause to the District Court with instructions to clarify on the record any effect its consideration of rehabilitation had upon the length of Keenan's sentence and, if such a consideration did enter into the Court's determination of the appropriate length of the sentence, to revise the sentence

3

accordingly.[1]

## B.     Restriction on Contact with Children

Keenan argues that the District Court's prohibition of any "direct [or indirect] contact with a person under the age of 18 unless it is supervised by a person approved by the probation officer," has the effect of precluding him from contact with his own children, and that we should remand the cause to the District Court with instructions to permit him to see his children without restriction. The Government agrees that the special conditions of supervised release that would interfere with Keenan's ability to spend time with his children and other minor family members (*i.e.*, Special Conditions Three and Four) may be inappropriate. The Government does not appear to argue that Keenan is likely to be a danger to his family, and it requests that we remand the cause to the District Court in order to permit it to reconsider and modify the scope of Special Conditions Three and Four as they relate to Keenan's contact with his family.

On the basis of the agreement of the parties, we remand the cause to the District Court for reconsideration of the portion of the judgment that imposed the allegedly overbroad Special Conditions Three and Four, with instructions to reconsider the limitations that the Court placed upon the interactions between Keenan and his minor children and relatives. The Government concedes that Keenan may have a protected liberty interest in contact with his children, which the District Court's conditions may violate. The Government urges that we remand to allow the District Court to inquire into these questions. The District Court should make appropriate findings if it decides to continue imposing restrictions on Keenan's contact with his own children.

## C.     Other Issues

The remaining issues on appeal include, *inter alia*, Keenan's argument that prohibiting him from (a) using or possessing a computer with Internet access, unless any such computer is monitored by the Government, (b) possessing any sexually explicit materials, whether legal or illegal, and (c) having any "indirect" contact with children using various communications media including telephone or radio, are inappropriate and overbroad. Keenan also opposes several other restrictions on his use of a computer at work and elsewhere.

We have considered the parties' arguments with regard to each of the other issues on appeal, including any not specifically mentioned here, and conclude that each of Keenan's remaining arguments is meritless. On remand, the District Court shall reconsider the length of the sentence and the special conditions noted above. If the Court decides to remove or alter any of these provisions, it should

---

[1] We note that, because we remand for resentencing, Keenan's remaining arguments regarding the length of his sentence are moot.

4

vacate the sentence and impose a new sentence. Regardless of whether the Court decides to retain these provisions without change, or to eliminate or modify them, the Court should add findings and explanations justifying the ultimate sentence.

## **CONCLUSION**

We have carefully reviewed the record and the parties' arguments on appeal and, except as stated above, we determine that the defendant's arguments are meritless. The August 31, 2011 judgment of the District Court is remanded for further proceedings consistent with this order.


FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court