11-4954-cr
United States v. Counterman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York  the 4th day of February, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

          -v-                                            11-4954-cr

BILLY COUNTERMAN,

                         *Defendant-Appellant*.

_____

Appearing for Appellant:     Randolph Z. Volkell, Merrick, NY

Appearing for Appellee:      Paula Ryan Cohen, Assistant United States Attorney, Northern
                             District of New York (Richard S. Hartunian, United States
                             Attorney; Edward R. Broton, Assistant United States Attorney, *on
                             the brief*)

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REMANDED**.

Billy Counterman appeals from his sentence, imposed by the United States District Court for the Northern District of New York (Suddaby, *J.*) following his plea of guilty to one count of transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. § 875(c), sentencing him principally to 32 months imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In *Tapia v. United States* the Supreme Court held that "the Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation." 131 S. Ct. 2385 (2011). The Supreme Court explained that "when sentencing an offender to prison, the court shall consider all the purposes of punishment except rehabilitation—because imprisonment is not an appropriate means of pursuing that goal." *Tapia*, 131 S.Ct. at 2389.

Here, it appears the district court may have based its sentence, in part, on its assessment of the length of time necessary for Counterman to complete a treatment program. The district court sentenced Counterman to thirty-two months' imprisonment based on "the psychological injury suffered by multiple victims as well as the lengthy time period involved." After sentencing Counterman, the district court expressed its hope that the time in prison "will give sufficient time for a treatment program that will have a lasting impact;" and also stated the upward departure was "not to be punitive, not so much for punishment, it's my hope and its my request that the Federal Bureau of Prisons put you in a facility that has the best psychiatric, psychological program for you possible, to get you the help so that this behavior does not continue." We cannot independently determine from the record before us the degree, if any, by which the length of the sentence was based on the district court's desire to have Counterman complete a treatment program.

We therefore remand in accordance with the procedures of *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for resentencing. On remand, the district court shall clarify whether it considered rehabilitative purposes in sentencing Counterman to thirty-two months' imprisonment. If rehabilitative purposes factored into its sentencing decision, the district court is directed to vacate the sentence, arrange for defendant's appearance, and proceed to resentencing. If the district court did not consider rehabilitative purposes in sentencing Counterman, it shall clarify its sentencing decision on the record, and the mandate shall issue forthwith.

Accordingly, we REMAND the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk