12-1871-cr
U.S. v. Magner

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of May, two thousand thirteen.

Present:
        PIERRE N. LEVAL,
        ROBERT A. KATZMANN,
        PETER W. HALL,
                *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                *Appellee*,

                v.                                                    No. 12-1871-cr

JOSEPH P. MAGNER, AKA reptilianagenda@msn.com,

                *Defendant-Appellant*.
_____

For Defendant-Appellant:        EDWARD S. ZAS, Federal Defenders of New York, New York, NY

For Appellee:                   ALLEN L. BODE (David C. James, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and **VACATED** in part.

Defendant-Appellant Joseph Magner appeals from an order entered on May 4, 2012 by the United States District Court for the Eastern District of New York (Bianco, *J.*). That order imposed a special condition of supervised release that prohibited Magner (1) from using "a computer, Internet capable device, or similar electronic device to access pornography" and (2) from "sending/receiving text (SMS – short messaging service), images, video, or audio (MMS – multimedia messaging service) via cellular telephone or other capable device [except] as directed by the Probation Department." App'x at 187-88. The district court defined "pornography" to mean "images or video(s) of adults or minors engaged in 'sexually explicit conduct' as that term is defined in" 18 U.S.C. § 2256(2). *Id.* at 187. On March 19, 2010, Magner pled guilty to knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). On February 7, 2011, the district court sentenced Magner to 108 months of imprisonment and a five-year term of supervised release. The district court entered its May 4, 2012 order after a prior decision by this Court vacated one of the special conditions of supervised release imposed as part of Magner's initial sentence. *See United States v. Magner*, 455 F. App'x 131 (2d Cir. 2012) (summary order). On the present appeal, Magner argues that the special condition of supervised release imposed in the May 4, 2012 order is unconstitutionally vague, unnecessarily restrictive, and unrelated to the purposes of sentencing. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

Magner first challenges the prohibition on viewing pornography as unconstitutionally vague, a "greater deprivation of liberty than is reasonably necessary," and not "reasonably related" to the purposes of sentencing. 18 U.S.C. § 3583(d); *see also United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003) ("Due process requires that the conditions of supervised release be sufficiently clear to give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." (internal quotation marks omitted)). In our order resolving Magner's prior appeal, however, we rejected these precise arguments. *Magner*, 455 F. App'x at 135-36. Specifically, we held that, "in the context of child pornography convictions, the . . . definition of pornography in 18 U.S.C. § 2256 . . . is sufficiently clear to defeat the vagueness argument and . . . restricting access to adult pornography as so defined is permissible in such cases." *Id.* at 135 (citations omitted). We nonetheless vacated the special condition and remanded the case to allow the district court to formulate a definition of pornography that did not sweep so broadly as to include even images of nude adults. *Id.* at 136.

Our decision to remand, however, did not leave Magner free to relitigate the appropriateness of a condition that prohibited him from viewing pornography, as defined by reference to 18 U.S.C. § 2256. Instead, the so-called "mandate rule" foreclosed "relitigation of all issues previously waived by the defendant or decided by the appellate court." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). Because Magner could not challenge our prior decision before the district court, it follows that he cannot argue on appeal that the district court erred by adhering to that decision.[1] The mandate rule also forecloses Magner's argument that the

---

[1]While the law of the case doctrine leaves us free to depart from our prior rulings in the same case "for compelling reasons," Magner has presented no such reasons. *United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) (internal quotation marks omitted).

phrase "similar electronic device" is unconstitutionally vague. Because the condition Magner

challenged in his prior appeal also used the phrase "similar electronic device," Magner has

"previously waived" any challenge to that phrase. *Id.* at 1225. Thus, because the district court's

prohibition on viewing pornography complies with our earlier decision in this case, we reject

Magner's challenges to that prohibition.

We turn next to the restriction on texting. Because Magner did not object to this

restriction below, we review only for plain error. *United States v. Gomez*, 705 F.3d 68, 75 (2d

Cir. 2013). The restriction on texting appears to have neither a relationship to Magner's crime

nor any basis in his history. Indeed, at oral argument, the Government declined to defend that

prohibition and consented to striking it from the relevant condition of supervised release,

characterizing it as an inappropriate holdover from earlier sentencings. We agree and conclude

that forbidding Magner from texting was plain error.

We have considered Magner's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED** in part and

**VACATED** in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK