*United States v. Fiorentino*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand twenty-four.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge*,
>    DENNY CHIN,
>    BETH ROBINSON,
>        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>        *Appellee*,

>    v.                                                                23-6205

RALSTON WILLIAMS, AKA CHRIS, JASON BRODSKY, BRUCE DAIS,

>        *Defendants*,

ALANA FIORENTINO,

>        *Defendant-Appellant*.

_____

For Appellee:                                    Sandra Slack Glover, Assistant United States Attorney, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant:     Stephanie M. Carvlin, Law Office of Stephanie Carvlin, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Alana Fiorentino appeals from a February 22, 2023 judgment of the United States District Court for the District of Connecticut (Bryant, *J.*) revoking her term of supervised release and sentencing her to two years' imprisonment and three years' supervised release. Over a decade earlier, in February 2012, Fiorentino pled guilty to a charge of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. After entering into a cooperation agreement with the government, Fiorentino was sentenced to fifteen months' imprisonment and three years' supervised release. As a special condition of her supervised release, Fiorentino was required to participate in an approved inpatient program for substance abuse. While on supervision, Fiorentino possessed and used controlled substances, resulting in revocation and a sentence of 366 days' imprisonment and 24 months' supervised release. Fiorentino's second term of supervised release was revoked after she failed to report to an approved inpatient program for substance abuse. As a result, Fiorentino was sentenced to another term of 366 days' imprisonment and 24 months' supervised release. Fiorentino was released and began this 24-month term of supervised release on December 3, 2021.

The United States Probation Office ("Probation") thereafter sought revocation of supervised release yet again, alleging in an amended petition that: (1) Fiorentino had used controlled substances repeatedly between June and September 2022; (2) Fiorentino had failed to

2

report to an inpatient treatment program in which she was scheduled to participate; and (3) after finally reporting to the program, Fiorentino had been discharged from it unsuccessfully months before her planned departure date. The district court held a hearing on these charges on February 22, 2023. After Fiorentino admitted to Probation's allegations, the district court sentenced her to two years' imprisonment—the statutory maximum under 18 U.S.C. § 3583(e)(3)—and three years' supervised release. Fiorentino challenges only the procedural reasonableness of her prison sentence on appeal, arguing that the district court lengthened it for rehabilitative purposes in violation of 18 U.S.C. § 3582(a) and *Tapia v. United States*, 564 U.S. 319 (2011). For the reasons set forth below, we disagree and conclude that the district court based Fiorentino's sentence on permissible factors. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We generally "review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam). However, where the defendant fails to challenge the sentence below, our review is "for plain error."[1] *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023). Here, Fiorentino neither asserted her claim of *Tapia* error below nor raised a general objection to the procedural reasonableness of her sentence. Thus, plain error review applies, requiring Fiorentino

---

[1] Fiorentino briefly argues that the "relaxed" plain error standard applies in this sentencing context. We need not decide the applicability, or continued validity, of the "relaxed" plain error standard in this case, as Fiorentino's claim of procedural error fails under either form of plain error review. *See United States v. Osuba*, 67 F.4th 56, 65 n.6 (2d Cir. 2023) (questioning "whether our relaxed practice" of plain error review "survived the Supreme Court's decision in" *Davis v. United States*, 589 U.S. 345 (2020)); *United States v. Ramos*, 979 F.3d 994, 998 n.2 (2d Cir. 2020) ("[W]e have questioned whether it is appropriate to automatically apply this 'relaxed' standard in every appeal involving an unpreserved sentencing objection.").

to establish that:

> (1) [T]here is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [her] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* (alteration adopted) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)). Fiorentino fails at step one of this analysis, having identified no error in the sentence imposed below.

A district court commits procedural error "if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc); *see also United States v. Park*, 758 F.3d 193, 198 (2d Cir. 2014) (per curiam) (stating that "refusing to consider the § 3553(a) factors in deciding what is an appropriate sentence" is procedural error). Before revoking a term of supervised release, a district court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," "the need for the sentence imposed . . . to protect the public from further crimes of the defendant," and "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D); *id.* § 3583(e).

Here, Fiorentino argues that the district court considered an improper factor—rehabilitation—in imposing an above-Guidelines prison sentence[2] and thus erred procedurally. This argument rests on 18 U.S.C. § 3582(a), which provides in relevant part that "imprisonment is not an appropriate means of promoting correction and rehabilitation." In *Tapia v. United States*,

---

[2] The Guidelines range for Fiorentino's violations of supervised release was seven to thirteen months' imprisonment.

the Supreme Court construed this provision to preclude sentencing courts "from imposing or lengthening a prison term to promote an offender's rehabilitation." 564 U.S. at 332. We have held that this principle is applicable "upon revocation of supervised release" and "at the time of initial sentencing." *United States v. Lifshitz*, 714 F.3d 146, 150 (2d Cir. 2013) (per curiam).

The district court did not commit procedural error here. In arguing otherwise, Fiorentino challenges three statements made at the revocation hearing as indicative of the district judge's rehabilitative purpose. First, the district judge stated as follows:

> I agree that the only person that can help Ms. Fiorentino is Ms. Fiorentino. But I disagree that . . . she's demonstrated the capacity to care for herself. I firmly believe that but for the Court's intervention, she would probably be where [a deceased victim of a drug overdose] is today, that incarceration has incapacitated her from hurting herself and being a danger to others, and that she does need supervision.

A-98–99. Viewed "in [its] entirety," and "in the context of defendant's argument" at the revocation hearing, *United States v. Magner*, 455 F. App'x 131, 134 (2d Cir. 2012) (summary order), this statement does not violate *Tapia*.

We have held that there is no *Tapia* error "where the sentence length is based on permissible considerations, such as criminal history, deterrence, and public protection." *Lifshitz*, 714 F.3d at 150 (alteration adopted) (citation omitted); *see also United States v. Gilliard*, 671 F.3d 255, 259 (2d Cir. 2012) (finding no *Tapia* error where "the district court permissibly applied the applicable sentencing factors under § 3553(a)"). In expressing doubt about Fiorentino's "capacity to care for herself" and suggesting that "incarceration has incapacitated her from hurting herself and being a danger to others," A-98–99, the district judge properly considered incapacitation as a sentencing goal, *see United States v. Jenkins*, 854 F.3d 181, 187–88 (2d Cir. 2017) (summarizing the 18 U.S.C. § 3553(a) factors as designed "to fulfill the purposes of

retribution, deterrence, and incapacitation") (internal quotation marks and citation omitted).

This statement does not contravene *Tapia* even if, as Fiorentino argues, the district judge's reference to incapacitation was partially about Fiorentino's "need to overcome her addiction." Appellant's Br. at 17. The district judge neither "explicitly tied" Fiorentino's sentence "to [her] ability to participate in a drug treatment program," *Gilliard*, 671 F.3d at 260, nor indicated that Fiorentino was sentenced to prison time to "accommodate the requirements of rehabilitation," *United States v. Keenan*, 499 F. App'x 81, 82 (2d Cir. 2012) (summary order) (emphasis omitted). Rather, in making this statement, the district judge suggested that Fiorentino's *past* term of incarceration "incapacitated her from hurting herself," and that contrary to defense counsel's arguments at the revocation hearing, her continued drug use necessitated further "supervision." A-98–99. Thus, the district judge plausibly considered rehabilitation only in relation to Fiorentino's *past* prison sentence and her future term of *supervision*. Neither of these contexts implicates *Tapia*. *See United States v. Williams*, 467 F. App'x 59, 62 (2d Cir. 2012) (summary order) (holding that "the district court's statement that [the defendant] 'has benefitted from incarceration'" does not violate *Tapia*, "as a mere reference to the past 'benefits' of incarceration for a defendant does not equate to the selection of a term of incarceration for the purposes of rehabilitating that defendant"); *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); *United States v. Ramos*, No. 23-6395, 2024 WL 2747139, at *2 (2d Cir. May 29, 2024) (summary order) ("*Tapia* itself acknowledges that courts may take rehabilitation into account when imposing supervised release.").

Next, Fiorentino challenges the statement that her prior "term of incarceration wasn't long enough to deter and dissuade her" from using drugs, leaving her "[un]prepared when she left

6

incarceration to listen and follow the instructions of her probation officer, who is trained and experienced in helping people just like her to take advantage of the . . . substance abuse treatment . . . that supervision offers." A-99. Conceding that this statement is about "specific deterrence," Fiorentino argues that the district judge disguised in that language her "concern for rehabilitation." Appellant's Br. at 18. This argument finds no support in the record. On its face, this statement indicates that the district judge considered deterrence, a proper sentencing factor, in imposing Fiorentino's sentence. *See* 18 U.S.C. § 3553(a)(2)(B) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."). Fiorentino's argument fails even assuming, as she suggests, that the district judge viewed imprisonment as a means of deterring Fiorentino's drug use. To start, the district judge's reference to "substance abuse treatment" pertained to "supervision," A-99, a context in which *Tapia* is not relevant, *see Johnson*, 529 U.S. at 59; *Ramos*, 2024 WL 2747139, at *2. But there would be no error even if the district judge suggested that Fiorentino should have used her time in prison to "prepare[]" for substance abuse treatment, A-99, as sentencing courts are permitted to discuss with the defendant "the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," *Tapia*, 564 U.S. at 334.

Finally, Fiorentino takes issue with the district judge's expression of "hope" that Fiorentino would "do the work [she] need[s] to do so that at the time [she is] released, [she] recognize[s] that [she] really only [has] one option, and that's to get it together," A-100, arguing that this statement "made the connection between the length of [Fiorentino's] sentence . . . and rehabilitation explicit," Appellant's Br. at 17. Even assuming the district judge's reference to "do[ing] the work [she] need[s] to do" and "get[ting] it together" concerned Fiorentino's potential for drug

7

rehabilitation while in prison, A-100, this statement was "plainly permitted by *Tapia*," *United States v. Hunt*, 82 F.4th 129, 144 (2d Cir. 2023). Far from revealing the district judge's decision to "base[] its sentence . . . on its assessment of the length of time necessary for [Fiorentino] to complete a treatment program," *United States v. Counterman*, 510 F. App'x 82, 83 (2d Cir. 2013) (summary order), this statement was an "expression of hope" that Fiorentino would recover from addiction in prison, *Hunt*, 82 F.4th at 144. These parting words of hope are neither repudiated by *Tapia*, nor inappropriate for a sentencing court to express to a defendant.

Therefore, having identified nothing in the record that violates *Tapia* or 18 U.S.C. § 3582(a), Fiorentino's claim of procedural error fails.

We have considered Fiorentino's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk