# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2012

No. 10-60610

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

WILLIAM C. BRELAND, JR.,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-85-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

This court affirmed the district court's consideration of Defendant William Breland's rehabilitative needs when imposing a term of imprisonment upon revocation of Breland's supervised release. *United States v. Breland*, 647 F.3d 284, 291 (5th Cir. 2011). The Supreme Court reversed and remanded the judgment of this court, instructing that we reconsider the case in light of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60610

Government's position as asserted in its brief to the Court. *Breland v. United States*, 132 S. Ct. 1096 (2012).

In its brief, the Government stated that "the United States now agrees with [Breland] that Section 3582(a), as construed in *Tapia*, precludes a court from lengthening the time a defendant must serve in prison based on the defendant's rehabilitative needs when supervised release is revoked." The Government's position accords with how the First Circuit, *United States v. Molignaro*, 649 F.3d 1, 5 (2011), and the Ninth Circuit, *United States v. Grant*, 664 F.3d 276, 282 (2011), have resolved this issue.

Accordingly, this matter is REMANDED to the district court for resentencing in accordance with this order.

2