# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2013

Lyle W. Cayce
Clerk

No. 11-10565

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHARLIE KING MEZA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CR-59-1

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charlie King Meza appeals the sentence imposed after revocation of his supervised release, which was originally imposed following his guilty plea conviction for bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 18 U.S.C. § 2. Meza argues that it was error for the district court to rely on his rehabilitation needs for a residential drug treatment program to impose or lengthen his sentence. He asserts that 18 U.S.C. § 3852(a) prohibits a sentencing court from considering a defendant's rehabilitation needs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when imposing or increasing a sentence, and that this prohibition applies to sentences imposed upon revocation of supervised release, relying on *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011).

Because Meza did not object to the reasonableness of his sentence after it was imposed or to any specific error, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). To succeed on plain-error review, Meza must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (quotation omitted).

The record reflects that the district court chose the thirty-month sentence so that Meza would have an opportunity to participate in a drug treatment program. The law at the time of Meza's sentencing was unclear, but while his direct appeal was pending, the Supreme Court issued its decision in *Tapia*, holding that a district court may not impose or lengthen a sentence for rehabilitation purposes. *See* 131 S. Ct. at 2393.[1] This court recently held that *Tapia* applies to the revocation context. *United States v. Garza*, No. 11-10543, 2013 WL 398760, at *1 (5th Cir. Feb. 1, 2013). Section 3852(a), therefore, precludes a court from lengthening a revocation sentence based on the defendant's rehabilitative needs. *Id.* Accordingly, in view of *Tapia* and *Garza*, it was error for the district court to consider Meza's need to participate in a drug treatment program in determining the length of his sentence. *Tapia*, 131 S. Ct. at 2393; *Garza*, 2013 WL 398760, at *1. Although this court had not definitively answered whether § 3852(a) applies in the revocation context until *Garza*, this

---

[1] In *Tapia*, although the Supreme Court reversed the judgment of the Ninth Circuit, the Court explained that "[c]onsistent with our practice . . . we leave it to the Court of Appeals to consider the effect of [the defendant's] failure to object to the sentence when imposed." 131 S. Ct. at 2393 (citations omitted).

error now is clear or obvious. *See Garza*, 2013 WL 398760, at \*4 (concluding that such error "was clear or obvious by the time of the appeal"); *United States v. Escalante-Reyes*, 689 F.3d 415, 419–24 (5th Cir. 2012) (en banc) (holding that the plainness of an error is to be determined at the time of appeal).

We now turn to the third prong of plain error—whether the error affected Meza's substantial rights. The record reflects that the district court, in explaining Meza's sentence, focused on the need for the sentence to allow Meza sufficient time to participate in a drug treatment program. Specifically, the district court explained that "I will recommend that you be given an opportunity to participate in the Comprehensive Drug Treatment Program in the penitentiary. And [it is] necessary for me to give you a sentence of approximately that length in order to be sure you have an opportunity to participate in that." Because the district court's emphasis on the correlation between Meza's sentence and the time necessary to complete a drug treatment program is "sufficient to undermine our confidence that the district court would have imposed the same sentence absent the error," we conclude that the error affected Meza's substantial rights. *See Escalante-Reyes*, 689 F.3d  at 425; *see also Garza*, 2013 WL 398760, at \*4.

Under the final prong of plain-error review, we retain the discretion to remedy the error "only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett*, 556 U.S. at 135 (alteration in original) (quoting *Olano*, 507 U.S. at 736). Even if we conclude that the other three prongs are met, we do not automatically assume that the final prong is satisfied. *See, e.g.*, *Escalante-Reyes*, 689 F.3d at 425. We turn to the particular facts of this case. At his revocation hearing, Meza admitted to the following violations of the conditions of supervised release: (1) using and possessing methamphetamine, an illegal controlled substance; (2) failing to report to the probation office on January 5, 2011, as instructed; (3) failing to attend a drug counseling session on April 5, 2011, as instructed; (4) failing to provide a urine

specimen on April 2, 2011, as instructed; (5) failing to make monthly restitution payments on numerous occasions; and (6) submitting a monthly report in March 2011 that contained untruthful statements regarding his employment. Under the advisory policy statements in Chapter 7 of the United States Sentencing Guidelines ("U.S.S.G."), Meza's criminal history category of II and his Grade C violations of the conditions of supervised release yielded an advisory range of imprisonment of 4 to 10 months. *See* U.S.S.G. § 7B1.4.

The district court provided no explanation for imposing a thirty-month sentence other than to ensure that Meza would have an opportunity to participate in a drug treatment program during his period of incarceration. Because we are unable to find any evidence in the sentencing record that shows that Meza's sentence—determined solely by reference to the prohibited consideration of Meza's rehabilitative needs—"is 'fair,' or that the 'integrity or public reputation' of the judicial proceeding was protected" despite the erroneous consideration of Meza's need for a drug treatment program, we conclude that the error seriously affected the "fairness, integrity or public reputation" of sentencing proceedings. *See Escalante-Reyes*, 689 F.3d at 425–26; *cf. United States v. Davis*, 602 F.3d 643, 648, 652 (5th Cir. 2010) (declining to exercise discretion to remand for resentencing when the defendant received a sentence above both the incorrect and corrected advisory range where the record demonstrated that the district court, in imposing the sentence, "placed great weight on the seriousness of the circumstances" surrounding the defendant's violations of supervised release).

Therefore, we conclude that we should exercise our discretion to correct this error. *See Garza*, 2013 WL 398760, at *5 (explaining that reversal was warranted in light of this court's precedent in *Escalante-Reyes*); *Escalante-Reyes*, 689 F.3d at 426 (remanding for resentencing and explaining that it was particularly appropriate to exercise the discretion to correct an error "[g]iven Congress's express admonition that 'imprisonment is not an appropriate means

of promoting correction and rehabilitation,' 18 U.S.C. § 3582(a), and the Supreme Court's recent analysis in *Tapia*").

Accordingly, Meza's sentence is VACATED and the case is REMANDED for resentencing in accordance with this opinion.