# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2013

No. 12-10531
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN DEANTHONY TERRY, also known as Detroit, also known as Darrell, also known as KD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CR-52-1

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.[1]

PER CURIAM:[**]

Kevin Deanthony Terry appeals the sentence imposed after revocation of his supervised release. Terry argues that his 18-month sentence is unreasonable because the district court relied on a prohibited sentencing factor, his need for a support system and a place to live, to impose or lengthen the sentence.

---

[1] Graves, Circuit Judge, concurs in the judgment only.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Terry did not object to the reasonableness of his sentence based upon the district court's reference to his homelessness/rehabilitative needs, our review of that issue is limited to plain error. *See United States v. Garza*, ___ F.3d ___, No. 11-10543, 2013 WL 398760 at *4 (5th Cir.Feb. 1, 2013). In *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held in the context of an appeal from an initial sentencing that a district court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." We have now concluded that the holding in *Tapia* applies with equal force in the context of a revocation sentencing. *Garza*, 2013 WL 398760 at **2-3.

The district court in this case stated that an 18-month sentence was proper because it would afford adequate deterrence, protect the public, and give Terry, who was homeless, a support system and a place to live. This statement was the district court's sole remark regarding Terry's particular needs. As the record does not indicate that the district court imposed or lengthened Terry's prison term for the purpose of making him eligible for any rehabilitative program, no *Tapia* error occurred. *See United States v. Receskey*, 699 F.3d 807, 811-12 (5th Cir. 2012). Even if the district court's mention of Terry's need for a support system and a place to live could be construed as a reliance on his rehabilitative needs in imposing sentence, there is no error. In light of the district court's statement that it imposed the sentence to provide adequate deterrence and to protect the public, the record does not indicate that Terry's need for treatment was a dominant factor in the court's sentencing analysis. *See Garza*, 2013 WL 398760 at **3-4; *Receskey*, 699 F.3d at 812. Accordingly, the judgment of the district court is AFFIRMED.