# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40323
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYMUNDO OVALLE-SANDOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1283

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Reymundo Ovalle-Sanchez (Ovalle) appeals from his conviction of illegal reentry following deportation.  He contends solely that the district court impermissibly based his 51-month within-range sentence on his need for drug rehabilitation in prison.  Because Ovalle did not object to his sentence in the district court, our review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40323

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

A district court may not impose or lengthen a sentence based on the defendant's need for rehabilitation. *Tapia v. United States,* 131 S. Ct. 2382, 2391 (2011). A sentencing court, however, is not precluded from referencing the rehabilitative opportunities available to a defendant during incarceration. *See Tapia,* 131 S. Ct. at 2392; *United States v. Garza,* 706 F.3d 655, 659 (5th Cir. 2013). Moreover, a district court may discuss the need for rehabilitation as a secondary concern or an additional reason when formulating a sentence. *Garza,* 706 F.3d at 660.

In Ovalle's case, the district court focused on Ovalle's drug habit, indicating its concern about his drug addiction and its belief that his drug habit motivated much of his criminal activity. The district court admonished Ovalle about the damage that future drug use might cause. The district court also noted Ovalle's criminal history, his pending charges, and his history of illegal entries. The district court concluded that Ovalle's drug use made him a danger to himself and to others and that this danger was sufficient justification to deny a sentence below the guideline sentencing range. The court stated: "I think you're accurately scored there and I think a sentence in this range is – is appropriate in your case." The court sentenced Ovalle to 51 months in custody, a within-range sentence. The district court said nothing about the need to seek drug treatment in prison or about Ovalle's prospects for rehabilitation. To the

No. 14-40323

extent that the district court's admonishments about the dangers of continued drug use could be construed as indirectly suggesting that Ovalle might wish to seek treatment in prison, the district court's remarks were appropriate commentary on Ovalle's personal history and characteristics, *see* 18 U.S.C. § 3553(a)(1) (allowing district courts to consider, inter alia, "the history and characteristics of the defendant"), and did not indicate that the need for drug rehabilitation was a dominant factor in the sentencing analysis, *see United States v. Walker,* 742 F.3d 614, 617 (5th Cir. 2014); *United States v. Receskey*, 699 F.3d 807, 812 (5th Cir. 2012).  The sentence did not violate *Tapia*, and Ovalle has failed to rebut the presumption of reasonableness given to his sentence.  *See Cooks,* 589 F.3d at 186.

AFFIRMED.