JAMES L. DENNIS,
concurring in the judgment:
The sole issue on appeal is whether the district court committed reversible error by permitting the Government to decline to move for a third point reduction under U.S.S.G. § 3E1.1 based on Mirabal’s refusal to waive his appellate rights. I agree with the majority that, because Mirabal failed to object to the Government’s decision not to move for a third-point reduction under § 3El.l(b), we review for plain error and apply the well-established four-pronged inquiry to determine whether Mirabal is entitled to resentencing:
(1) there must be an error or defect— some sort of [deviation from a legal rule — that has not been intentionally relinquished or abandoned; (2) the legal error must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected the appellant’s substantial rights; and (4) if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.
United States v. Garza, 706 F.3d 655, 662 (5th Cir.2013). I likewise agree that prongs one and two of the plain error test have been met here, as our case law makes it abundantly clear that the Government may not decline to move for a third point reduction pursuant to U.S.S.G. § 3El.l(b) based upon a defendant’s refusal to waive his appellate rights,[1] and the presentence report (PSR) in this case indicates that the Government decided not to move for the one-point reduction for this prohibited reason. Further, I agree that in ligHt of “the degree of the error and the particular facts of the case[,]” Mirabal has not established that this error warrants the exercise our discretion to correct the district court’s mistake. United States v. John, 597 F.3d 263, 288 (5th Cir.2010).
I write separately to note that I would not reach the third prong of plain error review. As I see it, whether there is a reasonable probability that, but for the error, Mirabal’s sentence would have been lower presents a closer question than the majority opinion acknowledges.[2] Howev *207 er, in light of our unanimous conclusion that the error did not “seriously affeet[] the fairness, integrity or public reputation of judicial proceedings,” Garza, 706 F.3d at 662, an inquiry into whether Mirabal’s substantial rights were affected is unnecessary to resolve this appeal.

. See United States v. Palacios, 756 F.3d 325, 326 (5th Cir.2014); United States v. Torres-Perez, 777 F.3d 764, 767-68 (5th Cir.2015); United States v. Rodriguez-Gallegos, 581 Fed.Appx. 378, 379 (5th Cir.2014) (unpublished) ("The amendment to § 3E1.1 ... unequivocally shows that it was error for the Government to decline to award [the defendant] the additional reduction for acceptance of responsibility based on [his] refusal to waive his right to appeal.”)..

. I agree with the majority that the facts of this case do not permit the court to presume that the clear error affected Mirabal’s substantial rights because the incorrect Guidelines range is not "significantly higher” than the true Guidelines range. See United States v. Mudekunye, 646 F.3d 281, 289 (5th Cir. *207 2011). In the absence of the presumption, however, a defendant may nonetheless establish that his substantial rights were affected by pointing to “additional evidence” in the record to .demonstrate that the erroneously calculated Guideline range was a “primary factor in the selection of” his sentence. See United States v. Pratt, 728 F.3d 463, 482 (5th Cir.2013) cert. denied, - U.S. -, 134 S.Ct. 1328, 188 L.Ed.2d 338 (2014). Whether there is such "additional evidence” here is a close question because the district court used an erroneously calculated offense level as the starting point in structuring his sentence but, thereafter, answered affirmatively when asked whether the sentence was a variance from the Guidelines. As noted, we need not reach this question to resolve Mirabal’s appeal.