# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60141

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JONATHAN MCDONALD,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CR-6-1

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jonathan McDonald challenges his 24-month sentence imposed after the second revocation of his supervised release, claiming the district court erred by basing his sentence on his rehabilitative needs, in violation of *Tapia v. United States*, 564 U.S. 319 (2011).  AFFIRMED.[**]

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[**] Judge Dennis concurs in the judgment only.

No. 16-60141

I.

McDonald pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344. His first supervised-release term was revoked in 2014, after he violated conditions of his supervision. He was sentenced to time served and 30 months' supervised release in 2014.

In January 2016, McDonald's probation officer petitioned the court for a revocation warrant; and, at his revocation hearing, McDonald admitted to violating five of his supervised-release conditions. He also advised he had "started back using" drugs and "everything just started falling apart".

The court concluded McDonald violated the terms of his supervision, revoked his supervised release, and sentenced him to 24 months' imprisonment and 12 months' supervised release. The court explained it imposed the sentence "[t]o promote respect for the law, to deter future criminal conduct, to protect the community, and to control the offender's conduct, and additionally I want him to have sufficient time to complete the 500-hour drug and alcohol treatment program".

II.

Because McDonald did not object in district court to his sentence, review is only for plain error. *E.g.*, *United States v. Broussard,* 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, McDonald must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

When sentencing defendant, "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation". *Tapia*, 564 U.S. at 335; *see* 18 U.S.C.

No. 16-60141

§ 3582(a) (imprisonment not appropriate means of promoting rehabilitation). On the other hand, *Tapia* does not forbid all consideration of defendant's rehabilitative needs when imposing a sentence; along that line, a sentence will be vacated on appeal only if rehabilitation was the "dominant factor", rather than a "secondary concern" or "additional justification", in the district court's sentencing determination. *United States v. Garza*, 706 F.3d 655, 660 (5th Cir. 2013). These rules apply, *inter alia*, to sentences imposed upon revocation of defendant's probation or supervised release. *E.g.*, *id.* at 657.

The court stated it relied on the policy statements provided in Sentencing Guideline § 7B1.4, and the 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582 sentencing factors when imposing a 24-month sentence. Before announcing McDonald's sentence, the court did not reference his drug use or tie the length of his sentence to his need for drug treatment while in prison. The probation officer then alerted the court that the sentence was above the Guidelines sentencing range. As quoted *supra*, the court, in responding, did not alter the sentence and stated it was based on the four sentencing factors, provided *supra*, and, "additionally", to give McDonald sufficient time to complete the earlier-described drug-and-alcohol-treatment program.

Pursuant to our plain-error standard of review, because McDonald has not shown his rehabilitative needs were the dominant factor in the court's sentencing decision, as opposed to being "additional justification" for the sentence imposed, he has failed to show the requisite clear or obvious error. *E.g.*, *United States v. Receskey*, 699 F.3d 807, 811–12 (5th Cir. 2012).

## III.

For the foregoing reasons, the judgment is AFFIRMED.