# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20698

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SEPTIEN AMERICUS THOMPSON,

Defendant – Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-438-1

Before KING, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Septien Americus Thompson appeals his revocation sentence, arguing that the district court erred under *Tapia v. United States*, 564 U.S. 319 (2011). We AFFIRM.

I.

Thompson pleaded guilty to unlawful possession of a firearm after a felony conviction. The district court sentenced him to 92 months of

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 16-20698

imprisonment and three years of supervised release. Thompson's supervised release began in 2014, and over the next year, Thompson tested positive for illegal drugs six times. In 2016, he pleaded guilty in state court to tampering with or fabricating evidence in violation of Texas Penal Code section 37.09 and evading arrest or detention with a motor vehicle in violation of Texas Penal Code section 38.04. At his revocation hearing, Thompson pleaded true to these violations. The district court, in light of Thompson's numerous violations, the factors in 18 U.S.C. § 3553(a), the Chapter 7 policy statements, and "the added benefit" of eligibility for drug treatment, revoked Thompson's supervised release and sentenced him at the low end of the guidelines range to 21 months of imprisonment. The district court then noted that it would strongly recommended to the Bureau of Prisons (BOP) that Thompson be enrolled in a drug-treatment program. Thompson timely appealed the revocation sentence.

II.

The parties disagree on the standard of review that applies. Thompson argues that the "plainly unreasonable" standard applies, citing *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The government argues that we should review for plain error, citing *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). We need not resolve this issue, because even under the standard urged by Thompson, he cannot prevail.

III.

In *Tapia*, the Supreme Court held that 18 U.S.C. § 3582(a) "prevents a sentencing court from imposing or lengthening a prison term because the court thinks an offender will benefit from a prison treatment program." 564 U.S. at 334. *Tapia*'s holding applies to revocation sentences. *United States v. Garza*, 706 F.3d 655, 659 (5th Cir. 2013). However, this court has distinguished situations in which rehabilitation is an "additional justification" for the prison sentence, which is permitted, from those in which rehabilitation is the

2

No. 16-20698

"dominant factor," which violates § 3582(a). *Garza*, 706 F.3d at 660 (footnote omitted). Moreover, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs"; in addition, "a court may urge the BOP to place an offender in a prison treatment program." *Tapia*, 564 U.S. at 334.

Here, when defense counsel raised the *Tapia* issue, the district court specifically denied that eligibility for drug treatment was the "only reason" for the revocation sentence. The district court further noted that the 21-month sentence was proper in light of Thompson's offenses, the other factors under § 3553(a), and the Chapter 7 policy statements. The district court considered eligibility for drug treatment an "added benefit" of the sentence imposed. Under *Tapia*, this is not error.

IV.

Accordingly, we AFFIRM the revocation sentence.