# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50573
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

IRY WILLIAMS, also known as Iry James Williams,

Defendant - Appellant

Cons. w/No. 17-50574 and Cons. w/No. 17-50575

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

IRY WILLIAMS,

Defendant – Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-68-1
USDC No. 7:16-CR-206-1
USDC No. 7:16-CR-69-1

No. 17-50573
c/w No. 17-50574
c/w No. 17-50575

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Iry Williams was convicted of one count of possession of a firearm by a felon, one count of assault upon a federal officer, and one count of escape. The sentences for these offenses were imposed to run consecutively, for a total of 260 months in prison, and he also received three-year terms of supervised release for each offense that were imposed to run concurrently. Now, he argues that the district court plainly erred under *Tapia v. United States*, 564 U.S. 319 (2011), by grounding his sentence in rehabilitation concerns.

*Tapia* held that 18 U.S.C. § 3582(a) "prevents a sentencing court from imposing or lengthening a prison term because the court thinks an offender will benefit from a prison treatment program." 564 U.S. at 334. Treatment may be an "additional justification" for a term of imprisonment but may not be the "dominant factor" underlying a prison sentence. *United States v. Garza*, 706 F.3d 655, 660 (5th Cir. 2013) (internal quotation marks and citations omitted).

Williams has not demonstrated plain error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 419, 423-24 (5th Cir. 2012) (en banc). This is because the record supports a conclusion that, while Williams's need for rehabilitation may have been one of the district court's sentencing concerns, it was not a dominant factor underlying the district court's choice of sentence. *See Garza*, 706 F.3d at 660; *Escalante-Reyes*, 698 F.3d at 423-24.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.