# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2025

Lyle W. Cayce
Clerk

No. 24-10231
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Arthur Johnson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CR-34-1

_____

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Shortly after the commencement of Arthur Johnson's second term of supervised release, the probation officer filed a petition asserting Johnson violated the conditions of his release by refusing to submit a urine specimen for testing. Upon Johnson's plea of true, the district court revoked Johnson's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

supervised release. He challenges his above-Guidelines sentence of 24-months' imprisonment and 87-months' supervised release.

Johnson maintains that his revocation sentence was substantively unreasonable, contending the court impermissibly considered: the retributive factors found at 18 U.S.C. § 3553(a)(2)(A); and his rehabilitation, in violation of *Tapia v. United States*, 564 U.S. 319, 321, 334–35 (2011) ("[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation".).

We assume, without deciding, that Johnson's substantive-reasonableness challenge was preserved. Accordingly, our court reviews his sentence to determine whether it is "plainly unreasonable". *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). A revocation sentence is plainly unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (citation omitted). Johnson fails to show his sentence was plainly unreasonable.

Appearing to contend that the district court revoked his supervised release under 18 U.S.C. § 3583(e), Johnson first maintains the district court improperly considered retributive factors set forth in 18 U.S.C. § 3553(a)(2)(A). When imposing a discretionary revocation sentence under § 3583(e), the district court may not consider the § 3553(a)(2)(A) factors, including: the need to reflect the seriousness of the violation; the need to promote respect for the law; and the need to promote just punishment for the violation. 18 U.S.C. § 3583(e) (listing permissible factors and excluding retributive factors); *Cano*, 981 F.3d at 425–26. A court's considering an improper factor, however, does not automatically require reversal. Rather, "a sentencing error occurs when an impermissible consideration is a

dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence". *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

Because Johnson refused to comply with a drug-testing condition, however, revocation was *mandatory* under 18 U.S.C. § 3583(g)(3). And, when imposing a sentence under § 3583(g), the district court is neither directed to, nor forbidden from, considering any particular factors. *See United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015).

The district court did not specify the provision under which it was revoking Johnson's supervised release. Because § 3583(g) applied, however, it would not have been improper for the court to consider the § 3553(a)(2)(A) factors. *See id.* at 609. Accordingly, we need not decide whether the district court erroneously considered those factors when sentencing Johnson.

Even if § 3583(e) controlled, nothing in the revocation transcript indicates that either the decision to revoke Johnson's supervision, or the revocation sentence imposed by the court, was intended to punish Johnson for the failure to give the urine specimen. In concluding the upward variance was appropriate, the court cited: the nature and length of Johnson's criminal history; his history of recidivism; and the need to protect the public. The court concluded that Johnson's criminal history and characteristics, and the need to protect the public, were "aggravating in the extreme".

Turning to Johnson's second basis for relief, a claimed *Tapia* violation, the district court errs "if a defendant's rehabilitative needs are a dominant factor" informing the prison sentence. *United States v. Rodriguez-Saldana*, 957 F.3d 576, 579 (5th Cir. 2020) (citations omitted); *see United States v. Garza*, 706 F.3d 655, 657 (5th Cir. 2013) (holding *Tapia* applies in the revocation context); *Tapia*, 564 U.S. at 334–35. On the other hand, the district court "commits no *Tapia* error . . . if the need for rehabilitation is a

secondary concern of the court or additional justification for the sentence". *Rodriguez-Saldana*, 957 F.3d at 579 (citation omitted).

Johnson has not shown that the need to provide him with transitional housing assistance was a dominant factor in the court's imposition of the upward variance. Both the original and amended petitions for a person under supervision cited *Tapia*, and plainly stated that the district court could not impose or lengthen a prison term to address defendant's rehabilitation. As noted *supra*, the court primarily considered Johnson's criminal history, recidivism, and the need to protect the public. Although the court stated that, if it imposed a revocation sentence, it would make "specific recommendations" to ensure Johnson had access to "the resources" the Bureau of Prisons could provide, it was referring to when Johnson was re-released from prison.

AFFIRMED.